# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-00229-FDW-DCK

| | | |
|---|---|---|
| GREGORY LYNN GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| EDDIE CATHEY, et. al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court *sua sponte* following Defendants' Eddie Cathey, Brian Wayne Keziah, Brian Clayton Huncke, C.D. Ingram, and Marsh, Inc., (collectively, "Defendants") filing of a Motion to Dismiss pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, (Doc. No. 2), and Memorandum in Support of Motion to Dismiss (Doc. No. 3). Because Plaintiff appears *pro se*, the Court issued a <u>Roseboro</u> notice (Doc. No. 12) advising Plaintiff of his right to respond to Defendant's Motion to Dismiss on or before June 25, 2013. Plaintiff failed to respond in a timely manner, and, for the reasons below, the Court GRANTS Defendants' Motion to Dismiss WITH PREJUDICE.

## BACKGROUND

All of Plaintiff's claims arise out of certain incidents involving Plaintiff and Defendants Keziah, Huncke, and Ingram on July 26, 2010, in Union County. (Doc. No. 1). Plaintiff alleges that Defendants Keziah and Huncke removed him from Union County without a warrant and illegally transported Plaintiff in the front seat of the patrol car for an alleged investigation in North and South Carolina. (<u>Id.</u>) Plaintiff alleges that during this transport, he began to experience diabetic crisis symptoms, and Defendants failed to properly treat Plaintiff's condition

when they pulled over and administered "Green Tea in lieu of insulin." (Id.) While returning from the trip, Plaintiff alleges that Defendant Keziah operated the patrol car in excess of the speed limit, failed to properly restrain Plaintiff with a seatbelt, and negligently had a head-on collision with another vehicle. (Id.) Furthermore, Plaintiff alleges injuries stemming from the collision, as well as injuries sustained during some point during the trip when Defendant Keziah allegedly struck Plaintiff in the back of the head with Defendant's service revolver. (Id.) Moreover, Plaintiff alleges that Defendant Ingram, claimed by Plaintiff to be a State Highway Patrol Officer,[1] conspired with Defendant deputies to cover up Defendants' alleged negligence and fabricate criminal charges against Plaintiff for attempted first degree murder, assault with a deadly weapon with intent to kill or inflict serious injury, and assault on a governmental official. (Doc. No. 3).

This is Plaintiff's third attempt at filing a Complaint against Defendants Cathey, Huncke, and Keziah. The previous two complaints contained nearly identical allegations, events and incidents of July 26, 2010, as stated above, but Plaintiff included different but additional parties than mentioned in the case at hand. (See Doc. No. 1, Attach. No. 1). While Plaintiff filed the first suit on February 26, 2011, in the United States District Court for the Eastern District of North Carolina, Defendants transferred the case to the Western District of North Carolina for venue purposes on May 24, 2011. (Id.) That suit included Defendants Cathey, Keziah, and Huncke, as well as the Union County Sheriff's Office and Attorney Miles Helms. (Id.) This court, the Honorable Conrad presiding, dismissed Plaintiff's first suit with prejudice for being frivolous on September 28, 2011. (Id.) After an unsuccessful appeal to the Fourth Circuit Court of Appeals, Plaintiff filed a second suit alleging the same claims on September 23, 2011, in the

---

[1]Defendant claims that Defendant Ingram was not a State Highway Patrol officer, rather a Crime Scene Investigation Technician who took photographs of the vehicle collision and did not play a role in preparing the accident report Plaintiff alleges in Complaint. (Doc. No. 3).

District of South Carolina.  (Id.)  The second suit included Defendants Cathey, Keziah, and Huncke, as well as District Attorney Trey Robinson, Judge Christopher Bragg, and Sergeant B. D. Helms.  (Id.)  The District of South Carolina transferred the case for venue purposes to the Western District of North Carolina on September 27, 2011.  (Id.)  This court, Judge Conrad presiding, granted Defendants' motion to dismiss on *res judicata* grounds and dismissed the second case with prejudice on March 5, 2011.  (Id.)  Plaintiff filed an untimely notice of appeal to the Fourth Circuit, which the Fourth Circuit dismissed on December 24, 2012.

Plaintiff filed the instant Complaint in the Superior Court Division of Union County on March 13, 2013.  (Doc. No. 1).  On April 11, 2013, Defendants removed the case to federal court as a matter of right.  (Id.)  On June 5, 2013, the Court entered an Order in accordance with Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), directing Plaintiff to respond to Defendants' Motion to Dismiss and giving Plaintiff a "period of twenty-one days" to respond.  (Doc. No. 12).  Plaintiff failed to respond, and the time for doing so has long expired.

Plaintiff uses the alleged events set forth above as the basis for asserting a number of Federal and State law claims in the instant Complaint including: (1) alleged violations of the Fourth Amendment and the Due Process and Equal Protection Clauses in the Fourteenth Amendment to the United States Constitution by Defendants Cathey, Keziah, and Huncke; (2) alleged conspiracy by Keziah, Huncke, and Ingram to injure and infringe upon Plaintiff's civil rights in violation of Federal law; (3) alleged deprivation of rights by Defendants Cathey, Keziah, and Huncke  under color of law in violation of Federal statute; (4) alleged negligence under State common law by Defendant Keziah in the operation of his patrol car on July 26, 2010, and in allegedly failing to properly secure Plaintiff with a seat belt; (5) alleged failure to properly "train, monitor and supervise" Defendants Keziah and Huncke by Defendant Cathey, the Sheriff;

and (6) alleged violations of unspecified North Carolina State statutes. (Doc. No. 1). Defendants move to dismiss all claims against them.

## STANDARD OF REVIEW

In order to survive a Rule 12(b)(6) motion, the Complaint must contain enough facts so as to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Id. Further, while the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000). A court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). While courts apply a more liberal standard to *pro se* complaints, even holding complaints written by *pro se* plaintiffs to "less stringent standards than formal pleadings drafted by lawyers," courts still are not bound by a plaintiff's legal conclusions. Haines v. Kerner, 404 U.S. 519, 520 (1972); Randall v. United States, 30 F.3d 518, 521; Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## ANALYSIS

Defendants argue Plaintiff's Complaint should be dismissed per Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds of *res judicata* and collateral estoppel; failure to sue the actual surety; governmental immunity of the defendants; public officer's immunity; lack

4

of failure to properly train and supervise; failure of Plaintiff to show that prior criminal convictions are not pending; and the lack of grounds for punitive damages.

As an initial matter, the Court turns to address Plaintiff's lack of response to Defendants' Motion to Dismiss. This Court has held that in a *pro se* case, when the Court sends Plaintiff notice of right to respond in accordance with Roseboro "caution[ing] Plaintiff that failure to respond may result in Defendants being granted the relief sought in the motion," then the Court may find a defendant's motion to dismiss to be unopposed, especially when "the deadline for [the Plaintiff] to respond has passed without any written response." Rose v. Novant Medical Group, Inc., 2010 WL 271825 at *1 (W.D.N.C. 2010). The Court further noted, "Inasmuch as it is unopposed, Defendants' supporting memorandum of law is hereby incorporated by reference as if fully set forth herein." Id. Plaintiff has failed to respond to Defendants' Motion to Dismiss, and the time given to respond by the Court has long expired. As in Rose, the Court incorporates Defendants' memo as if fully set forth herein. In so doing, the Court adopts the arguments made by Defendants in their motion as providing a basis to dismiss Plaintiff's complaint. Nevertheless, the Court briefly addresses Defendants' arguments to support their Motion to Dismiss.

   **1.** ***Res Judicata* and collateral estoppel claims.**

Defendants argue for dismissal based on *res judicata* and collateral estoppel on grounds that Plaintiff has unsuccessfully filed two Federal lawsuits arising out of the identical transactions, events and incidents of July 26, 2013, which the pending suit before the Court is now based. Defendants Cathey, Huncke, and Keziah are the same parties in each suit, with Plaintiff simply adding other parties to the suit. Defendants argue, and the Court agrees, that these doctrines bar Plaintiff's claims.

## A. *Res Judicata*

The Court first addresses Defendants' claim that *res judicata* bars Plaintiff's claims before the Court. The United States Supreme Court has explained:

> Under the doctrine of claim preclusion [(*res judicata*)], a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions."

Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (quoting New Hampshire v. Maine, 532 U.S. 742 (2001) and Montana v. United States, 440 U.S. 147, 153–154 (1979)). Plaintiff's two previous lawsuits insert the same claims presented today. Because the Court dismissed the previous two lawsuits with prejudice, the Court, per *res judicata*, must GRANT Defendants' Motion to Dismiss on these bases.

As for the state law claims, Defendants argue the same basis for dismissal. In North Carolina, "Under the doctrine of res judicata or 'claim preclusion,' a final judgment on the merits in one action precludes a second suit based on the same cause of action between the same parties or their privies." Whitacre P'ship v. Biosignia, Inc., 591 S.E.2d 870, 880 (N.C. 2004). "For *res judicata* to apply, a party must show that the previous suit resulted in a final judgment on the merits, that the same cause of action is involved, and that both the party asserting *res judicata* and the party against whom *res judicata* is asserted were either parties or stand in privity with parties." State ex rel. Tucker v. Frinzi, 474 S.E.2d 127, 128 (N.C. 1996).

Plaintiff filed the same lawsuit, with the same claims, two previous times in federal court, both of which were dismissed under Federal Rule 12(b)(6) for failure to state a claim which

relief cannot be granted. (Doc. No. 3). Thus, the Court GRANTS Defendants' Motion to Dismiss because Plaintiff's claims are barred by *res judicata*.

### B. Collateral estoppel

The Court now addresses Defendants' claim that collateral estoppel bars Plaintiff's action. The United States Supreme Court held that collateral estoppel, or issue preclusion, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. Taylor, 553 U.S. at 882. Plaintiff alleges the same previous issues of alleged Fourth Amendment and Due Process violations by Defendants Cathey, Keziah, and Huncke; conspiracy by Defendants Keziah, Huncke, and Ingram; deprivation of rights under Federal law by Defendants Cathey, Keziah, and Huncke; negligence by Huncke in operating the patrol car; negligence by Defendant Cathey for failure to supervise and train Defendant deputies; and violations of North Carolina statutes by Defendants. (Doc. No. 3). The Due Process and Equal Protection claims, deprivation of rights, the conspiracy claims, the negligence claims, and the claims of North Carolina statute violations were all previously dismissed twice with prejudice. The only difference from the previous two suits is the inclusion of two different parties, Defendants Ingram and Marsh, Inc. The inclusion of these two parties does not change the fact that the two previously dismissed suits included the exact same issues of fact asserted here. Therefore the Court, per collateral estoppel, DISMISSES the issues presented again.

### 2. Failure to Sue the Actual Surety

Defendant argues that Plaintiff failed to sue the actual surety involved in the suit. North Carolina law holds that "the failure to join the surety as a party to an action could be easily corrected by amendment." Mellon v. Prosser, 486 S.E.2d 439, 442 (N.C. App. 1997). Plaintiff

7

failed to properly respond to Defendant's arguments or request amendment. Furthermore, Plaintiff listed Defendant Marsh, Inc. as Defendant Cathey's surety. (Doc. No. 1). However, Defendants argue that an Ohio Casualty Company is the actual surety, not Defendant Marsh, Inc. (Doc. No. 3). This argument is uncontested by Plaintiff. Therefore, the Court DISMISSES this claim.

### 3. Previously Dismissed Cases

The Court also addresses the issue that Plaintiff has filed, aside from this case, two previous frivolous claims which were dismissed. "The instant action is representative of those situations where an overly litigious complainant takes to the courts without a viable case." Johnson v. Hendrick Automotive Group, 2011 WL 1696987 at *8 (W.D.N.C. 2011). The Court further adds, however, that "the Court consider[s] Plaintiff's *pro se* status as a mitigating factor, particularly because the Court believes that Plaintiff does not fully understand the nuances of the law, nor the consequential effects of creating this litigation." Id. The Court in Johnson also "fully considered issuing a nominal sanction against Plaintiff," but stopped short of that and "strongly cautioned Plaintiff that the Court [would] not be so lenient in subsequent cases." Id. Moreover, Defendants' success in its claim further provides "that Plaintiff [would] grasp the unfortunate impact of bringing such a baseless action." Id. Plaintiff failed to respond to Defendants' arguments in the timely manner provided by the Court. Because this is the third attempt by Plaintiff at filing these litigious claims, and because Defendants' Motion to Dismiss succeeds on the merits, the Court finds it appropriate, similar to what it did in Johnson, to issue to Plaintiff warning of a pre-file injunction should these frivolous antics continue in the future. THEREFORE, PLAINTIFF IS CAUTIONED THAT SUBSEQUENT FRIVOLOUS FILINGS WILL RESULT IN A PRE-FILE INJUNCTION AGAINST HIM.

## CONCLUSION

For the reasons set above, the Court GRANTS Defendants' Motion to Dismiss (Doc. No. 2). This case is thereby DISMISSED WITH PREJUDICE. The Clerk of Court is hereby directed to close the case.

IT IS SO ORDERED.

Signed: October 7, 2013

Frank D. Whitney
Chief United States District Judge